IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VICK ANTHONY GEORGE, #184992, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CASE NO. 1:09-CV-929-TMH |
| ) | [WO] |
| ) | |
| GRANT CULLIVER, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Vick Anthony George ["George"], a state inmate, on September 22, 2009.[1] In this petition, George challenges convictions for first degree assault and first degree rape imposed upon him pursuant to his guilty pleas on August 14, 1996 by the Circuit Court of Houston County, Alabama.[2] George did not appeal these convictions and

---

[1] Although the Clerk stamped the petition "received" on October 5, 2009, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). George certified he submitted the petition for mailing on September 22, 2009. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 8. In light of the foregoing and for purposes of the proceedings herein, the court considers September 22, 2009 as the date of filing.

[2] In his petition, George asserts that:
The factual circumstances surrounding the case shows that: In the early morning hours of September 3, 1995 Vick Anthony George and [the victim] were out riding in his car. George pulled off the road to a wooded area near a pond, somewhere in Houston County, where he got out of the car and walked around to the passenger side and opened the door and grabbed [the victim] by the hand, after punching her in the face. He then proceeded to have sex with her on the hood of the car, after which a fight began. George hit [the victim] with a pipe wrapped in a cloth. She

the convictions therefore became final by operation of law on September 25, 1996.

Pursuant to the orders of this court, the respondents filed an answer in which they argue the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because George's assault and rape convictions became final in September of of 1996 -- after the effective date of the statute of limitations -- George must have filed his § 2254 petition within a year of the convictions becoming final, exclusive of the time that

---

        put her arms over her face and head and was hit, by the pipe, on her arms.
            George then threw the pipe down and found a plastic bag and tried to smother her. She was able to pull the bag apart and catch her breath. George found another plastic bag and again tried to smother her. She was again able to pull the second bag apart and catch her breath.
            Finally, George lead [the victim] to the near by pond and pushed her into the pond and tried to hold her under water. He was unable to hold her under water, so he let her go.
*Attachment to Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1-1* at 6-7.
        The victim received treatment at the Southeast Alabama Medical Center for injuries suffered in the attack by George. The medical record indicates the victim suffered bruises to her face, neck, right forearm and elbow, a 2 centimeter laceration to the bridge of her nose, an abrasion to her left knee, diffuse tenderness in her left foot and a fracture of her nose. *Respondents' Exhibit A to the Answer - Court Doc. No. 11-1* at 43. George also acknowledges he sexually assaulted the victim during this attack. It is undisputed the petitioner had access to the victim's hospital record at the time of his guilty plea.
        A Grand Jury for Houston County issued indictments against George on October 27, 1995 for attempted murder and first degree rape for the above described actions. On August 14, 1996, after a suppression hearing and the admission of some trial testimony, George sought to withdraw his pleas of not guilty and enter pleas of guilty. *Respondents' Exhibit A to the Answer - Court Doc. No. 11-1* at 28-29. The State, with George's consent, amended the attempted murder indictment to reflect a charge for first degree assault in violation of *Ala. Code* § 13A-6-20. *Id* at 28. "A person commits the crime of assault in the first degree if ... [w]ith intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or .... In the course of and in furtherance of the commission or attempted commission of ... rape in the first degree ... or any other felony clearly dangerous to human life ... he causes a serious physical injury to another person..." *Ala. Code* § 13A-6-20(a)(1) and (4). At his guilty plea proceeding, the trial court explained the range of punishments associated with the charges, advised George of his rights and noted "[t]he facts have been stated in the Record by the [victim]. We have had a motion to suppress as well as the trial this morning. So I'm going to adopt the statement of facts in the testimony of the [victim]." *Respondents' Exhibit A to the Answer - Court Doc. No. 11-1* at 33. The court then read George the amended indictment charging assault in the first degree and the indictment for first degree rape. George advised the court he understood the nature of these charges and pled guilty to both first degree assault and first degree rape. *Id* at 34-35.

    [3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

any properly filed state post-conviction action related to the convictions remained pending in the state courts. The respondents acknowledge George filed several state post-conviction petitions in the Circuit Court of Houston County, Alabama challenging his assault and rape convictions - the first of which George filed on July 21, 1998. However, they argue that neither this initial state petition nor the numerous state petitions filed thereafter acted to toll the one-year period of limitation because George filed the petitions after expiration of the federal limitation period and, therefore, none of these state petitions were "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer - Court Doc. No. 11* at 4-5; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the respondents maintain

3

"the one-year statute of limitation commenced running on September 26, 1996, and George had one year from that date, or until September 26th, 1997, to timely file his habeas petition. George did not file the present habeas petition until September 22, 2009, almost twelve years after the AEDPA statute of limitation had expired." *Respondents' Answer - Court Doc. No. 11* at 4-5.

Based on the foregoing, the court entered an order advising George he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of November 18, 2009 - Court Doc. No. 13*. This order also provided George an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 5-6. In response to this order, George concedes "his 2254 petition was filed outside the limitations period of 2244(d) [but argues] he should be allowed to proceed [on] the merits of the [claims raised therein] because he's actually innocent of the crime of first degree assault [as defined under Alabama law].... [Specifically,] the petitioner conduct did not fall within having the intent to cause a serious physical injury to [the victim], nor that he caused her a serious physical injury with any type of deadly weapon or dangerous instrument." *Petitioner's Response - Court Doc. No. 14* at 2-4.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes

the present habeas petition is due to be denied as George failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

George argues he is entitled to federal habeas relief because he is actually innocent of first degree assault and this offense forms the basis for the entire plea agreement. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [previously available or] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Thus, George is entitled to no relief from this court on his independent claim of actual innocence.

### B.  Actual Innocence - Gateway to Excuse Time Bar

After being informed of the charges against him and acknowledging his understanding of each charge, George pled guilty to first degree assault and first degree rape. In so doing, he admitted each element of the charged offenses. George now

maintains he is actually innocent of first degree assault because, other than his guilty plea, the State presented no evidence to show that he intended to cause a serious physical injury to the victim or that he actually caused a serious physical injury to the victim by use of a deadly weapon or dangerous instrument.  George alleges the medical record supports his claim regarding the lack of a serious physical injury to the victim during his attack on her, which George acknowledges included punching the victim in the face, raping her, beating her with a pipe wrapped in a cloth, placing plastic bags over her head in an effort to asphyxiate her and attempting to drown her in a pond.

This court must determine whether George has presented new evidence establishing his actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*,

505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

The arguments and evidence on which George bases his actual innocence claim were available to him at the time he entered his guilty pleas. Thus, it is clear George fails to present new evidence of his actual innocence so as to meet the standard set forth by *Schlup*.[4] The instant petition for federal habeas corpus relief is therefore properly analyzed

---

[4] The court further finds that the evidence and arguments presented by George do not establish his actual innocence of the offenses; instead these assertions, at best, merely challenge the sufficiency of the evidence regarding elements of an offense which George admitted in his guilty plea. Specifically, the evidence contained in the medical report cited by George, i.e., the victim suffered a 2 centimeter laceration over her nose and a fracture of the nasal bone, and his concession of facts that he attempted to cause the death of the victim by both suffocation and drowning are sufficient to support a conviction for first degree assault. *Reed v. State*, 717 So.2d 862, 866 (Ala.Cr.App. 1997) (evidence of lacerations sufficient to allow jury to decide whether "serious physical injury" existed); *Ware v. State*, 584 So.2d 939, 941 (Ala.Cr.App. 1991) (serious physical injury established where hazard or danger of death existed during assault). In addition, George's intent to cause serious physical injury "could readily be inferred" from the totality of the circumstances surrounding the offense. *Edwards v. State*, 597 So.2d 1386, 1389 (Ala.Cr.App. 1992). Moreover, a rational trier of fact could consider the pipe used by George to repeatedly strike the victim a deadly weapon. *Sanders v. State*, 623 So.2d 428, 431 (Ala.Cr.App. 1993) (PVC pipe fashioned into weapon "constituted 'deadly weapon' as defined in § 13A-1-2(11), Code of Alabama, 1975: 'anything manifestly designed, made or

under the provisions of 28 U.S.C. § 2244(d)(1)(A).

### C.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

adapted for the purposes of inflicting death or a serious physical injury.'"); *White v. State*, 888 So.2d 1288, 1290 n.3 (Ala.Cr.App. 2004) ("Under the definition in § 13A-1-2-(11), Ala.Code 1975, a metal pipe is considered a deadly weapon.").  Finally, the facts of this case demonstrate that the plastic bags utilized by George in an attempt to suffocate the victim clearly fall within the definition of a dangerous instrument.  *Ala. Code* § 13A-1-2(12) ("Any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of casing death or serious physical injury....").

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On August 14, 1996, George entered guilty pleas before the Circuit Court of Houston County, Alabama to first degree assault and first degree rape. *Respondents' Exhibit A - Court Doc. No. 11-1* at 28-36. The court immediately imposed sentences upon George for these convictions. *Id*. at 37-38. George did not file a direct appeal. Since George failed to undertake the direct appeal process in accordance with applicable procedural rules, he could not petition the United States Supreme Court for review of his convictions. By operation of law, the challenged Houston County convictions became final on September 25, 1996 -- forty-two (42) days after imposition of the convictions and sentences as this is the date on which George's time to seek direct review expired. Rule

9

4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year limitation period contained in section 2244(d)(1)(A) therefore began to run on September 26, 1996.[5]

### B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." It is undisputed George failed to file any application for post-conviction relief or collateral review in the state courts challenging his assault and rape convictions prior to expiration of the federal period of limitation. Thus, George is not entitled to statutory tolling of the limitation period. *Webster*, 199 F.3d at 1259 ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

### C. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th

---

[5] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

George presents no arguments relative to equitable tolling. Moreover, a thorough review of the record establishes George has not set forth the existence of any extraordinary circumstance which prevented him from filing a timely federal petition for habeas corpus relief. Additionally, George presents nothing demonstrating he exercised diligence in pursuing his claims for relief in a § 2254 petition. The record is therefore devoid of evidence that George's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Under the circumstances of this case, this court "cannot say that [George] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle

that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, George is not entitled to equitable tolling of the limitation period.

### D. Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes George has failed to present any basis for either statutory or equitable tolling of the one-year federal period of limitation. The limitation period therefore began to run on September 26, 1996 and ran uninterrupted until its expiration on September 26, 1997. George filed the instant petition for federal habeas relief on September 22, 2009, almost twelve (12) years after expiration of the federal limitation period. George has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Vick Anthony George on September 22, 2009 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before November 29, 2011 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of November, 2011.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE